BOBBY R. BEESON v. C. WAYNE McDONALD AND WIFE, KAREN C. McDONALD, AND LARRY W. BURNS AND WIFE, JOYCE M. BURNS

No. 8618DC211

(Filed 2 September 1986)

**Vendor and Purchaser § 11— real estate sales contract—addition of conditions—repudiation of contract**

      The trial court erred by directing defendants to specifically perform a contract to convey real estate where plaintiff had tendered the agreed purchase price for the deed held in escrow by an attorney but coupled the tender with instructions not to close the transaction until defendants agreed to stated conditions. Plaintiff's actions repudiated the contract and amount to nothing more than a counteroffer to defendants; defendants' duties under the contract were terminated when plaintiff repudiated the contract and made the counteroffer.

APPEAL by defendants from *Hunter, Judge.* Judgment entered 29 October 1985 in District Court, GUILFORD County. Heard in the Court of Appeals 20 August 1986.

This is a civil case wherein plaintiff seeks specific performance of an oral contract to purchase a tract of land from defendants.

After a trial without a jury, the judge made findings and conclusions that, except where quoted, are summarized as follows:

Plaintiff and defendants entered into an oral contract in late August or early September, 1984 whereby plaintiff agreed to purchase and defendants agreed to sell for $65,000 approximately 19.687 acres located in Guilford County. Located upon that property was a chain-linked fence, a pile of topsoil, and some junk cars used in the operation of an auto salvage yard. Defendants planned to remove these items with their own equipment and "there was no intent by and between" the parties "that the fence, dirt pile, or junk cars be a part of the conveyance."

An attorney, David L. Maynard, prepared the deed conveying the property to plaintiff which defendants executed and left in escrow with the attorney.

On 13 December 1984 plaintiff tendered the full contract price at Maynard's office, along with a written statement containing these conditions:

1. All junk cars must be moved within 30 days unless other arrangements are made within the 30 days.

2. All fences on property will remain.

3. Dirt pile on property will remain.

Plaintiff instructed Maynard "not to close the transaction until the Defendants had agreed to said conditions."

Defendants had intended to perform the original contract but "after being informed of Plaintiff's submission of said written conditions regarding the fence, dirt pile and junk cars located on the property, Defendants refused to proceed with conveyance of the subject property to Plaintiff and instructed Maynard to rescind the parties' contract for the sale of said property."

The trial judge found that plaintiff's actions "constituted an anticipatory breach" but that it "was not a material breach of the parties' oral contract for the sale of real property and therefore Defendants are not entitled to rescind said contract."

Based on the foregoing facts and conclusions the trial court entered judgment as follows:

1. That Defendants are allowed and ordered to remove from the real property referred to above the fence, dirt pile and junk cars contained on said premises, said removal to be within thirty (30) days from entry of this Judgment.

2. That Defendants shall convey to Plaintiff the real property referred to above upon tender by Plaintiff of the Sixty Five Thousand ($65,000.00) Dollar purchase price therefore.

3. That each party to this action shall bear his own costs.

Defendants appealed.

*Edwards and Stamey, by Michael C. Stamey and Billy G. Edwards, for plaintiff, appellee.*

*Smith, Helms, Mulliss & Moore, by Timothy Peck, for defendants, appellants.*

HEDRICK, Chief Judge.

Defendants contend that the trial court erred in ordering defendants to specifically perform the alleged contract for the sale of their land to plaintiff. Defendants do not challenge the trial judge's declaration that plaintiff anticipatorily breached the contract. They do, however, object to the court's ruling "[t]hat said anticipatory breach by Plaintiff was not a material breach of the parties' oral contract for the sale of real property and therefore Defendants are not entitled to rescind said contract."

We regret the trial judge's use of the label "anticipatory breach" when referring to the conduct or statements of the parties. In most instances "labels" serve only to confuse, not only the parties and attorneys, but judges as well. For that reason we do not copy into our decision any of the numerous definitions and explanations of the label "anticipatory breach." We choose, however, to decide this case by the application of simple principles of contract law, as we understand those principles and apply them to the uncontroverted findings of fact made by the trial judge.

When plaintiff tendered the agreed purchase price to defendants for the deed held in escrow by the attorney and coupled his tender with instructions to defendants that he would not "close the transaction until the Defendants had agreed to said conditions" described in the findings of fact, he, the plaintiff, repudiated the contract. His repudiation was absolute, and amounted to nothing more than a counteroffer to defendants. Defendants did not accept plaintiff's counteroffer but clearly and emphatically rescinded the contract which plaintiff had repudiated. Defendants' duties under the contract were terminated when plaintiff repudiated the contract and made his counteroffer. The trial judge's declaration that the "anticipatory breach . . . was not a material breach of the parties' oral contract" was and is erroneous. An absolute repudiation of a contract can hardly be said to be "not material."

For the reasons set out above the judgment directing defendants to specifically perform the contract must be reversed, and the cause will be remanded to the district court to enter an order concluding as a matter of law from the findings of fact already made that plaintiff by his acts and conduct repudiated the contract, and that defendants justifiably rescinded the contract, and

the court will enter an order dismissing plaintiff's claim for specific performance with prejudice.

Reversed and remanded.

Judges WEBB and WELLS concur.